# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3002

_____

| | | |
|---|---|---|
| State of Missouri, ex rel | * | |
| Mimi Garstang, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri |
| U.S. Department of Interior, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: March 15, 2002

Filed: July 22, 2002

_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and RILEY,
Circuit Judges.

_____

McMILLIAN, Circuit Judge.

The Missouri Attorney General ("Missouri"), on behalf of Mimi Garstang, a
director at the Missouri Department of Natural Resources ("MDNR"), appeals from
a final order entered in the United States District Court for the Western District of
Missouri[1] granting summary judgment in favor of the United States Fish and Wildlife

_____

[1] The Honorable Nanette K. Laughrey, United States District Judge for the
Western District of Missouri.

Service ("the Service") upholding the Service's denial of Missouri's request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for certain documents produced by another organization, the Missouri River Natural Resources Committee ("MRNRC"). <u>Missouri ex rel. Garstang v. United States Dep't of Interior</u>, No. 00-4044-CV-C-5 (W.D. Mo. June 19, 2001) (memorandum and order). For reversal, Missouri argues that the district court erred in concluding that the requested records were not agency records within the purview of the FOIA. For the reasons discussed below, we affirm.

## Jurisdiction

Jurisdiction in the district court was proper based upon 5 U.S.C. § 552(a)(4)(B). Jurisdiction on appeal is proper based upon 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a).

## Background

The MRNRC is a non-profit corporation formed in 1988 by the Missouri River Basin States to promote and facilitate the preservation, conservation and enhancement of the natural resources of the Missouri River. Its official members are the fish and wildlife conservation agencies of the states of Montana, North Dakota, South Dakota, Nebraska, Iowa, Kansas, and Missouri. The MRNRC's ex-officio members are the United States Army Corps of Engineers ("the Corps"), the Service, and the Western Area Power Administration.

A Memorandum of Understanding ("MOU") between the MRNRC and the Service describes their relationship as a cooperative one. The Service is authorized to provide assistance to the MRNRC pursuant to the Fish and Wildlife Coordination Act, 16 U.S.C. § 661 *et seq.*, and through the MOU, the Service agrees to provide the MRNRC with a regularly-salaried employee of the Service as a full-time coordinator.

The MOU defines the coordinator's duties as maintaining the administrative record of MRNRC activities; managing the development of MRNRC information, reports, and reference documents, including oversight of records prepared or adopted by MRNRC; coordinating the development of natural resource plans; preparing MRNRC publications; and reporting for the MRNRC Chair. However, the MRNRC Constitution states that the coordinator reports to the MRNRC Board of Directors and may not be either a voting member of the board or a state agency representative.

Mike LeValley, a full-time employee of the Service, was assigned to be the MRNRC coordinator. He is paid from funds appropriated by Congress pursuant to the Fish and Wildlife Coordination Act and has an office at the DeSoto National Wildlife Refuge in Missouri Valley, Iowa, where he stores, maintains, and generates the MRNRC records. These records are separated from the Service's records and stored in an independent filing system. LeValley drafts documents related to the Missouri River on behalf of the MRNRC and schedules, attends, and participates in MRNRC meetings, where he represents the MRNRC. LeValley is not supervised in the course of his work by the Service, but does report to a supervisor at the Service for administrative issues such as taking leave, submitting time and attendance records, and signing his annual performance review. LeValley is not privy to the Service's internal deliberations on any issues, does not participate in its decision-making, and is not informed of the Service's preliminary positions. The MRNRC Chair directs LeValley's work on a day-to-day basis.

On February 5, 1999, Mimi Garstang, Deputy Director of the Division of Geology and Land Survey of the MDNR, contacted LeValley to request, pursuant to the FOIA, records related to the MRNRC and the Missouri River Master Manual Review and Update being conducted by the Corps. The MDNR was interested in learning more about the MRNRC's recommendations to the Corps regarding changes to the Missouri River and its natural habitat, which Missouri believed would influence the Corps' policy to the detriment of the state of Missouri.

In response to this request, on February 17, 1999, the MRNRC Chair informed Garstang that the FOIA did not apply to the MRNRC because it is not a federal agency, but offered Garstang any public information concerning the MRNRC. On March 15, 1999, on behalf of the state of Missouri, which encompasses the MDNR, the Missouri Attorney General's Office sent a letter addressed to LeValley at the Service, categorizing him as a federal employee who was obligated to honor the FOIA request for documents maintained in his capacity as MRNRC coordinator. On March 31, 1999, the Service responded that, while the Service financially supports the MRNRC coordinator position pursuant to the MOU, LeValley's actions as coordinator are dictated by the MRNRC and only its member state representatives are able to release records on behalf of the MRNRC. Following another request from Missouri, the Service reiterated, in a letter dated August 3, 1999, that the records maintained by LeValley were not records of the Service and therefore did not come within the purview of the FOIA. In addition, the Service produced some of the requested MRNRC records which it possessed in its independent files. On August 10, 1999, Missouri sent a letter to the FOIA Appeals Officer at the United States Department of the Interior to appeal the decision contained in the Service's August 3, 1999 letter. On February 22, 2000, the FOIA Appeals Officer issued a final agency decision denying the appeal on the ground that the requested records were not agency records.

On March 17, 2000, pursuant to 5 U.S.C. § 552(a)(4)(B), Missouri filed suit in federal district court contesting the adverse agency decision. On December 12, 2000, the Service moved for summary judgment. Missouri filed its Suggestions in Opposition to Summary Judgment on February 9, 2001, contending that the Service had failed to meet its initial burden because its motion was based on defective declarations. The Service amended its declarations in its reply brief, filed on February 26, 2001. Missouri filed a surreply brief on March 14, 2001, addressing the issues presented for review in this appeal. Missouri attached to its surreply brief a copy of a September 1, 1999 letter from the Service to the Corps in which the Service

acknowledged that it had reviewed a river management alternative submitted by the MRNRC ("the MRNRC recommendation") and urged the Corps to adopt the proposal in its Missouri River Basin policy. The Service responded to Missouri's surreply brief on March 26, 2001. On June 19, 2001, the district court granted summary judgment in favor of the Service, finding that the requested records were not agency records and therefore outside the scope of the FOIA. The district court reasoned that (1) the MRNRC did not constitute a federal agency within the executive branch of the federal government because the Service did not exercise substantial federal control over the MRNRC, and (2) the requested records were not agency records because the Service did not create, obtain, or control the documents. This appeal followed.

## Standard of Review

This court performs a *de novo* review of the grant of summary judgment in a FOIA case, applying the same standard as the district court, evaluating the record in the light most favorable to the nonmoving party to determine whether there is no genuine issue of material fact to prevent the moving party from being entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Miller v. Dep't of Agric., 13 F.3d 260, 262 (8th Cir. 1993) (reviewing *de novo* the grant of summary judgment in FOIA exemption case).[2] The moving party bears the initial burden of

_____

[2] Although the Service urged us in this appeal to establish a separate standard of review for FOIA cases, as practiced by the Third and Ninth Circuits, this court, like the Sixth, Tenth and D.C. Circuits, has established the *de novo* standard of review generally applicable in summary judgment cases. But see Sheet Metal Workers Int'l Ass'n, Local Union #19 v. United States Dep't of Veterans Affairs, 135 F.3d 891, 896 (3d Cir. 1998) (utilizing a two-tiered review of FOIA cases to determine whether the district court had an adequate factual basis for its determination, and then whether the determination was clearly erroneous); Nat'l Wildlife Fed'n v. United States Forest Serv., 861 F.2d 1114, 1116 (9th Cir. 1988) (same); accord Abraham & Rose, P.L.C. v. United States, 138 F.3d 1075, 1077 (6th Cir. 1997) (holding that grant of summary judgment on FOIA claim is reviewed *de novo* on appeal); Sheet Metal Workers Int'l Ass'n v. United States Air Force, 63 F.3d 994, 997 (10th Cir. 1995) ("[o]ur court

demonstrating "the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

## Discussion

The FOIA requires that federal government information, including agency records, be made available to the public. When an agency denies a FOIA request for records, "the burden is on the agency to sustain its action" and a district court may order the production of any "agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B). An agency may be excused from disclosing information pursuant to a FOIA request if it demonstrates that the requested records are not agency records. See United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142 n.3 (1989) (Tax Analysts) ("The burden is on the agency to demonstrate, not the requester to disprove, that the materials sought are not 'agency records' or have not been 'improperly' 'withheld.'") (citing S. Rep. No. 813, 89th Cong., 2nd Sess., at 8 (1965)).

Whether or not the requested records were agency records is a question of law which we review *de novo*. See Campaign for Family Farms v. Glickman, 200 F.3d 1180, 1186-87 (8th Cir. 2000) (describing agency decision regarding FOIA exemption as "a purely legal issue"). For a requested record to qualify as an "agency record," an agency must (1) "'either create or obtain' the requested materials" and (2) "be in control of the requested materials at the time the FOIA request is made." Tax Analysts, 492 U.S. at 144-45. Records under the control of an agency are defined as

_____

reviews de novo any legal determinations made by the district court, once we have assured ourselves that the district court 'had an adequate factual basis upon which to base its decision.'") (quoting Anderson v. Dep't of Health & Human Servs., 907 F.2d 936, 942 (10th Cir. 1990)); Petroleum Info. Corp. v. United States Dep't of the Interior, 976 F.2d 1429, 1433 & n.3 (D.C. Cir. 1992) ("This circuit applies in FOIA cases the same standard of appellate review applicable generally to summary judgments.").

"materials [that] have come into the agency's possession in the legitimate conduct of its official duties." Id. Missouri argues that, because the Service had created, obtained, and controlled the requested records through its employee LeValley, the records should be considered agency records as a matter of law. Specifically, Missouri contends that (1) LeValley, whose salary was paid by the federal government, was officially an employee of the Service, (2) the records were housed at a Service facility, and (3) the records were used by the Service during the course of its official duties.

Furthermore, Missouri claims that the partnership between the MRNRC and the Service, which guarantees that the records will be maintained at federal expense by a full-time federal employee, creates a nexus between the requested records and the agency's work sufficient to transform the MRNRC records into agency records for purposes of compelling disclosure under the FOIA. See Wolfe v. Dep't of Health & Human Servs., 711 F.2d 1077, 1079-80 (D.C. Cir. 1983) (holding that a nexus must exist between agency and requested documents for documents to pass from private to agency control).

According to the FOIA, an agency is defined as "any executive department, military department, Government corporation, Government controlled corporation or other establishment in the executive branch of the Government . . ., or any independent regulatory agency." 5 U.S.C. § 552(e). To convert a private organization, such as the MRNRC, into a federal government agency, the government must engage in "extensive, detailed, and virtually day-to-day supervision." Forsham v. Harris, 445 U.S. 169, 180 (1980) (citing United States v. Orleans, 425 U.S. 807, 816-19 (1976)). The provision of federal resources, such as federal funding, is insufficient to transform a private organization into a federal agency. See id. Moreover, "records which have never passed from private to agency control are *not* agency records," regardless of potential access ability. Id. at 185-86 (holding that

"the FOIA applies to records which have been *in fact* obtained, and not to records which merely *could have been* obtained").

Missouri claims that the requested records were obtained by the Service in the course of its official duties, as evidenced by the September 1, 1999 letter from the Service to the Corps urging the Corps to incorporate the MRNRC recommendation into its policy for the Missouri River Basin. Because the MRNRC recommendation was utilized in the Service's performance of its official duties – drafting the September 1, 1999 letter to the Corps to influence policy-making – it does constitute an agency record pursuant to the FOIA.[3] See Tax Analysts, 492 U.S. at 144 (stating that materials provided by outside sources to federal agencies in the course of agency decision-making processes fall within the scope of agency records under the FOIA). However, despite Missouri's arguments to the contrary, the September 1, 1999 letter does not establish that the MRNRC and the Service are inextricably linked. In fact, the Service's clear references to the MRNRC as a separate entity, and its evaluation of the MRNRC recommendation only insofar as it supported the Service's position, compel the opposite result. In any event, the September 1, 1999 letter is irrelevant because it mentions only the influence of the MRNRC recommendation, not the influence of any of the requested records, in its decision-making process. Because Missouri has not provided any evidence to establish the requisite nexus between the MRNRC's records and the Service's performance of its official agency duties, we hold that the district court did not err in concluding that the private organizational records of the MRNRC were not transformed into federal agency records.

---

[3] We assume that Missouri does not seek to compel disclosure of the MRNRC recommendation pursuant to the FOIA in this appeal, based on counsel's comment at oral argument that, while the MRNRC recommendation was a known matter of public record, Missouri was interested in discovering *what was behind* the MRNRC recommendation.

Missouri further urges us to refer to factors outlined by the D.C. Circuit and conclude that the Service did exercise control over the records at issue. See Burka v. United States Dep't of Health & Human Servs., 87 F.3d 508, 515 (D.C. Cir. 1996) (Burka). The D.C. Circuit has concluded that an agency controls records when (1) the document's creator intended an agency to have control over the records, (2) the agency was not restricted in any way from using and disposing of the records as it pleased, (3) agency personnel read or relied upon the requested records to some extent, and (4) the documents were integrated into the agency's record system. See id. Missouri maintains that (1) the Service intended to relinquish control over its records to LeValley, who was a Service employee, (2) the Service was not restricted in any way from using and disposing of the records, (3) the records were read and relied upon by agency personnel, as evidenced by a letter from the Service indicating that it had used a suggestion from MRNRC to revise its manual, and (4) the documents were kept on Service property by a Service employee.

However, the record indicates that the records are kept in a separate filing system, LeValley reports to the MRNRC Chair for all substantive employment issues, and no Service employee other than LeValley ever worked on or accessed the requested records. To the extent that the Service did rely on MRNRC documents, those documents would have been in Service files, not MRNRC files, and as such were offered to Missouri. Although the MRNRC and the Service did have a mutually beneficial relationship, that relationship alone does not transform the private entity of MRNRC into a federal agency. To the contrary, the Service was merely an ex-officio member of the MRNRC and the MRNRC Constitution expressly forbade federal employees participating in the MRNRC to vote in MRNRC proceedings. We therefore conclude that the Service satisfied its burden of showing that the requested records were not agency records within the meaning of the FOIA. As a result, the district court did not err in determining that the MRNRC could not be compelled to turn over its private files in response to Missouri's FOIA request.

**Conclusion**

Accordingly, the judgment of the district court is affirmed.

A true copy.

    Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.