**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

AMERICAN SMALL BUSINESS LEAGUE,
      *Plaintiff-Appellant,*

v.

UNITED STATES SMALL BUSINESS
ADMINISTRATION,
      *Defendant-Appellee.*

No. 09-16756

D.C. No.
3:09-cv-01098-EMC

OPINION

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, Magistrate Judge, Presiding

Submitted October 7, 2010*
San Francisco, California

Filed October 15, 2010

Before: David R. Thompson, Barry G. Silverman and
M. Margaret McKeown, Circuit Judges.

Per Curiam Opinion

---

*The panel unanimously concludes that this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Robert E. Belshaw, Gutierrez & Associates, San Francisco, California, for the appellant.

Tony West, Assistant Attorney General; Joseph P. Russoniello, United States Attorney; Leonard Schaitman, Attorney, Appellate Staff, Civil Division; Steve Frank, Attorney, Appellate Staff, Civil Division, Department of Justice, Washington, D.C., for the appellee.

## OPINION

PER CURIAM:

Plaintiff American Small Business League ("ASBL") appeals the adverse summary judgment ruling denying its July 2008 request under the Freedom of Information Act, 5 U.S.C. § 552, to compel Defendant United States Small Business Administration to produce Verizon Wireless cell phone

records that the agency no longer possessed. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

In July 2008, ASBL filed a FOIA request with SBA seeking the telephone records for Michael Stamler, Director of the Small Business Administration Press Office during the years 2006 and 2007. SBA produced some documents pursuant to the request, but did not turn over copies of cell phone records for a government-issued BlackBerry used by Stamler during those years. Although SBA previously had possessed the 2006 and 2007 records, it did not retain them; Verizon had exclusive possession of the records. Unhappy with SBA's response to its FOIA request, ASBL filed this lawsuit seeking, *inter alia*, an order compelling SBA to search for and produce the requested records.

The district court ultimately granted SBA's motion for summary judgment. The court concluded that SBA had no obligation under FOIA to retrieve the phone records from Verizon, per *United States Department of Justice v. Tax Analysts*, 492 U.S. 136, 148 n.10 (1989), and that the phone records did not qualify under FOIA's statutory definition of records, which covers information "maintained for an agency by an entity under Government contract, for the purposes of records management," 5 U.S.C. § 552(f)(2)(B). Both conclusions are sound.

**[1]** First, the district court's finding that SBA did not control the records at the time of the FOIA request is not clearly erroneous. *See Milner v. U.S. Dep't of Navy*, 575 F.3d 959, 963 (9th Cir. 2009). It is undisputed that SBA did not actually possess the records in July 2008, and SBA had no obligation either to retain the records or to seek the records once they were no longer in its possession. *See Tax Analysts*, 492 U.S. at 145, 148 n.10. To the extent that an agency can constructively possess documents in the hands of third parties, *see Berry v. Dep't of Justice*, 733 F.2d 1343, 1349 (9th Cir. 1984), there is no evidence in the record showing that SBA

extensively supervised or was otherwise significantly entangled with Verizon's production and management of the records. *See Burka v. U.S. Dep't of Health & Human Servs.*, 87 F.3d 508, 515 (D.C. Cir. 1996). Absent agency control, the records were not "agency records" subject to FOIA disclosure. *See Tax Analysts*, 492 U.S. at 145.

**[2]** Second, the records do not come within the definition of "records" codified in 5 U.S.C. § 552(f)(2)(B). Section 552(f)(2)(B) requires production only of documents "maintained for an agency by an entity under Government contract, *for the purposes of records management*." 5 U.S.C. § 552(f)(2)(B) (emphasis added). Here, it is undisputed that Verizon did not maintain the phone records pursuant to a records-management contract with SBA.

**[3]** ASBL nevertheless contends that the comma separating "Government contract" from "for the purposes of records management" means that the statute covers all records maintained for an agency by a government contractor, no matter the purpose of the contract between them. This reading, however, contravenes the statute's plain language. As a matter of syntax, the latter phrase most naturally modifies only the former phrase. *See Nw. Forest Resource Council v. Glickman*, 82 F.3d 825, 832 (9th Cir. 1996). Moreover, this reading would impermissibly either excise the phrase "for the purposes of records management" from the statute or conflate that phrase with the word "maintain." *See United States v. Mitchell*, 502 F.3d 931, 948 (9th Cir. 2007) (observing "the 'settled principle of statutory construction that [courts] must give effect, if possible, to every word of the statute' " (quoting *Bowsher v. Merck & Co.*, 460 U.S. 824, 833 (1983))). And, "a purported plain-meaning analysis based only on punctuation is necessarily incomplete and runs the risk of distorting a statute's true meaning." *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 454 (1993). Accordingly, because § 552(f)(2)(B)'s language is unambiguous, ASBL's reliance on the statute's legislative history is misplaced. *See Exxon*

*Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 568 (2005).

**[4]** Contrary to ASBL's protestations, limiting the scope of § 552(f)(2)(B) to documents maintained by a third party under a records-management contract does not render the statute meaningless. Section 552(f)(2)(B) codifies the constructive control theory that only a handful of courts have applied in only a handful of decisions—and which at least one court has recently rejected. *See*, *e.g.*, *Burka*, 87 F.3d at 515 (applying the theory); *Missouri ex rel. Garstang v. U.S. Dep't of Interior*, 297 F.3d 745, 751 (8th Cir. 2002) (same). *But see Bloomberg L.P. v. Bd. of Governors of Fed. Reserve Sys.*, 649 F. Supp. 2d 262, 275 (S.D.N.Y. 2009) (declining to adopt *Burka*'s constructive obtainment and control theory). The statute obviates predictable legal battles over constructive control in the arguably common cases where a contractor maintains agency records pursuant to a records management agreement with the agency.

**AFFIRMED.**